MAY v. THE STATE.

1. An indictment against a pedlar, which does not alledge that the person charged with pedling, had not first obtained a license therefor, is bad, and a judgment founded on such an indictment, will be reversed.

Error to the Circuit Court of Greene.

THE defendant was indicted for selling goods as a pedlar. The indictment is a follows: The grand jurors, &c., upon their oath, present, that John May, late of the county of Greene, on the 1st day of March, 1843, in the county aforesaid, on the day and year aforesaid, did sell absolutely, one piece of Jeans cloth, to one Wm. C. Logan, against the peace and dignity of the State of Alabama.

The defendant pleaded guilty, and a fine was assessed against him of two hundred dollars. He then moved in arrest of judgment—1. Because it was not alledged what kind of pedlar defendant was. 2. It was not alledged, that the commissioners' court of Greene county, laid a tax on pedlars. 3. That the indictment does not negative that the article sold was not a manufacture of the State of Alabama. 4. That the penalties of the act of 1837, were repealed by the act of 1842—which motion the court overruled, and gave judgment against the defendant.

These matters in arrest of judgment are now assigned as error.

MURPHY, for plaintiff in error.

ATTORNEY GENERAL, contra.

ORMOND, J.—The statute under which this indictment is framed, declares, "that in case any hawker, or pedlar, shall barter, exchange, or sell, either absolutely, or for a limited time, any clock, or clocks, or other goods, wares and merchandize, of any kind whatsoever, without first taking out a license agreeably to the first section of this act, from the clerk of the County Court of the proper county, he shall forfeit and pay, for every article he shall sell, the sum of two hundred dollars," &c.

This indictment is defective in not alledging that the goods were sold without first taking out a license.

It is an established principle of criminal pleading, that if there be an exception contained in the same clause of the act, which creates the offence, the indictment must show negatively, that the defendant does not come within the exception. [Archbold's C. P. 53.] Such is the case here. It is not pedling which the law prohibits, but pedling without first obtaining a license. The indictment does not, upon its face, charge an offence against the law, and the judgment rendered upon it must be reversed.